NO.
12-07-00069-CR

NO. 12-07-00070-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

DATHAN TROACE SEARS,           §          APPEAL
FROM THE 7TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER CURIAM

            Dathan
Troace Sears appeals his convictions for aggravated robbery and burglary of a
habitation.  Appellant’s counsel filed a
brief in compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).  We
affirm. 

Background

            In
two separate indictments, Appellant was charged with aggravated robbery[1]
and burglary of a habitation.[2] 
The aggravated robbery indictment also alleged that Appellant used or
exhibited a deadly weapon, to wit: a firearm, during the commission of or
immediate flight from the offense. Aggravated robbery is a first degree felony
punishable by imprisonment for life or for any term of not more than
ninety-nine years or less than five years and, in addition, a fine not to
exceed $10,000.[3]








 Burglary of a habitation is a second degree
felony punishable by imprisonment for any term of not more than twenty years or
less than two years and, in addition, a fine not to exceed $10,000.[4]


            At
a hearing on October 16, 2006, Appellant entered an open plea of “guilty” to
the offenses charged in the two indictments. 
He also pleaded “true” to the deadly weapon paragraph in the aggravated
robbery indictment.  In both cases,
Appellant and his counsel signed an acknowledgment of admonishments, a waiver
of jury trial, an agreement to stipulate testimony, and a stipulation of
evidence in which Appellant swore that all allegations pleaded in both
indictments were true and correct.  The
trial court adjudged Appellant guilty of both offenses.  After a combined sentencing hearing on
December 8, the trial court assessed Appellant’s punishment at forty-eight
years of imprisonment and a $10,000 fine for aggravated robbery.  The trial court assessed Appellant’s
punishment at twenty years of imprisonment and a $10,000 fine for burglary of a
habitation.  Further, pursuant to section
12.45 of the Texas Penal Code, the trial court ordered restitution of
$60,284.24  for two unadjudicated
offenses to which Appellant pleaded guilty. 
The terms of imprisonment are to be served concurrently.  This appeal followed. 

 

Analysis
pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible

error and that there is no error upon
which an appeal can be predicated.  From
our review of counsel’s brief, it is apparent that he is well acquainted with
the facts in these cases.  In compliance
with Anders, Gainous, and High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel’s brief presents a
chronological summation of the procedural history of the cases and further
states that counsel is unable to raise any meritorious issues for appeal.[5]  We have likewise reviewed the record for
reversible error and have found none.

 

 

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits of the appeal.  Having done so
and finding no reversible error, Appellant’s counsel’s motion for leave to
withdraw is hereby granted and the trial court’s judgments are affirmed.

                                                                        

Opinion
delivered February 29, 2008.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Tex.
Penal Code Ann. § 29.03(a) (Vernon 2003).





[2] Tex. Penal Code Ann. § 30.02(a) (Vernon
2003).





[3] Tex. Penal Code Ann. §§ 29.03(b), 12.32
(Vernon 2003).





[4] Tex. Penal Code Ann. §§ 30.02(c)(2),
12.33 (Vernon 2003).





[5] Counsel for Appellant certified that he
provided Appellant with a copy of his brief and that Appellant was given time
to file his own brief in this cause.  The
time for filing such a brief has expired and we have received no pro se brief.